<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNELL R. SHEARIN<br><br>            Plaintiff,<br><br>v.<br><br>BERGEN REGIONAL MEDICAL CENTER,<br>HEALTH PROFESSIONALS AND ALLIED<br>EMPLOYEES, FAUGNO & ASSOCIATES, LLC,<br>and SOLOMON & SOLOMON MANAGEMENT, LLC,<br><br>            Defendants. | Civ. No. 05-769 (WGB)<br><br>**M E M O R A N D U M<br>O P I N I O N** |

**APPEARANCES:**
Donnell R. Shearin
152 East 33rd Street
Paterson, NJ 07514

        Pro Se Plaintiff


Steven M. Fleischer
Sills, Cummis, Epstein and Gross, PC
One Riverfront Plaza
Newark, NJ 07102-5400

        Counsel for Defendants Bergen Regional Medical Center and
        Solomon & Solomon Management, L.L.C.


Leon Bernard Savetsky
Loccke & Correia
24 Salem Street
Hackensack, NJ 07601

        Counsel for Defendant Health Professionals and Allied
        Employees

1

**Bassler, Senior District Judge:**

Plaintiff Donnell R. Shearin, appearing *pro se*, brings this action against Defendants Bergen Regional Medical Center ("Bergen"), Solomon & Solomon Management, LLC ("Solomon"), and Health Professionals and Allied Employees ("HPAE"), alleging, *inter alia*, unjust labor practices and violations of the Collective Bargaining Agreement ("CBA"), as well as discrimination, harassment, and violations of First Amendment rights.

Defendants Bergen and Solomon move to dismiss the Complaint in its entirety pursuant to Rules 12(b)(1) (lack of subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction), 12(b)(5) (insufficiency of service of process), and 12(b)(6) (failure to state a claim upon which relief can be granted) of the Federal Rules of Civil Procedure.  For the reasons set forth below, Defendants' Motion is granted and the Complaint is hereby dismissed, with prejudice and in its entirety, against Bergen; and it is dismissed, without prejudice and in its entirety, against Solomon[1].

Defendant HPAE cross-moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Defendant's Motion is dismissed in part, without prejudice,

---

[1]The complaints against Solomon are dismissed without prejudice as Plaintiff failed to properly serve this Defendant with Notice of Process.  Plaintiff remains free to determine how and where to find this Defendant and effectuate proper Service.

and granted in part.

This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1441(a), upon Defendant Bergen's removal of the action from the Superior Court of New Jersey, Law Division, Bergen County. Plaintiff's causes of action purport to implicate the Equal Pay Act, 29 U.S.C.A. § 206, the National Labor Relations Act, 29 U.S.C. § 158, and the First Amendment of the United States Constitution.

Venue is proper under 28 U.S.C. § 1391(b).

**I. Background**

While the facts as laid out in the Plaintiff's Complaint are somewhat difficult to comprehend, discussion at Oral Argument served to clarify the Complaint and brought to light the following:

From Feb. 2001 to July 2003, Mr. Shearin was employed as a mental health specialist at Defendant Medical Center. He was represented by Defendant union HPAE for the purposes of collective bargaining. Mr. Shearin was suspended without pay for alleged disciplinary infractions, and his employment was terminated shortly thereafter. He claims that both his suspension and his ultimate termination were the result of discrimination and harassment against him at the institutional level, and that this discrimination was in some way violative of his First Amendment rights.

Mr. Shearin further claims that the HPAE failed to adequately

represent his interests by neglecting to adhere to the grievance procedures mandated by the CBA. He contends that HPAE's commencement of the grievance process at "Step Three" was inappropriate and therefore insufficient representation, violating the union's duty of fair representation.

## II. Analysis

### A. The First Amendment Claims

In a motion to dismiss for failure to state a claim, the Court considers only the facts as set forth in the complaint and accepts all of those allegations as true. ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration[2]. Commerce Ins. Servs. v. Szczurek, 2006 U.S. Dist. LEXIS 515, at *9, n. 6 (3d

---

[2]Due to the tortured nature of Mr. Shearin's Complaint and Defendants' collective inability to provide appropriate Answers, this Court has supplemented the pleadings with certain necessary, clarifying statements obtained at Oral Argument.

As these statements served only to assist the Court in its efforts to understand the pleadings, and not to provide the Court with any additional information that was not presented in the pleadings (with the exception of information pertaining to the Plaintiff's filing of a claim with the National Labor Relations Board, discussed in note 3, infra), the Court does not find it necessary to convert the Defendants' 12(b)(6) Motions into Rule 56 Motions for Summary Judgment.

(F.R.C.P 12(b) provides that if matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as a motion for summary judgment under Rule 56.)

Cir. 2006) (citing <u>Chester County Intermediate Unit v. Pennsylvania Blue Shield</u>, 896 F.2d 808, 812 (3d Cir. 1990). A 12(b)(6) Motion to Dismiss must be denied unless "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Commerce Ins. Servs.</u>, 2006 U.S. Dist. LEXIS 515, at *9 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Mr. Shearin's Complaint against Defendants Bergen, Solomon, and HPAE fails to set forth sufficiently specific facts which would, if proven to be true, entitle him to relief. His Complaint merely says, for example, "first amendment rights violated," and does not provide any additional detail regarding the particular protected activity that was forbidden, nor the way in which Bergen or Solomon sought to prevent Mr. Shearin from exercising his First Amendment rights.

Furthermore, the First Amendment claim is inappropriately raised against private employers. <u>See</u> <u>Fogarty v. Boles</u>, 121 F.3d 886, 890 (3d Cir. 1997) ("It must be remembered that the First Amendment applies only to public employers..."); <u>Fraser v. Nationwide Mut. Ins. Co.</u>, 135 F. Supp.2d 623, 643 (E.D.Pa. 2001) ("constitutional protection of free speech is not generally applicable to private employers") (quoting 11 West's Pa. Forms §§ 5.15). As each of the Defendants is a private, and not a public employer, Mr. Shearin's First Amendment-based claim against each

one fails to state a cause of action and is therefore dismissed.

**B. Violation of the Collective Bargaining Agreement**

Bergen, Solomon and HPAE move to dismiss Mr. Shearin's claim that they violated the CBA based on this Court's lack of subject matter jurisdiction, pursuant to Fed. Rule Civ. Pro. 12(b)(1). Mr. Shearin's claim, while lacking specificity, appears to be that Bergen and HPAE engaged in unfair labor practices. Unfair labor practices are governed by §§ 7 and 8 of the National Labor Relations Act, 29 U.S.C. §§ 157-58, and "[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board...". San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959). "Garmon preemption protects the exclusive jurisdiction of the NLRB over unfair labor practice proceedings." Voilas v. General Motors Corp., 170 F.3d 367, 378 (3d Cir. 1999).

The claim of unfair labor practices against Bergen and Solomon must therefore be dismissed, as they fall outside the subject matter jurisdiction of this Court.

The claim against HPAE, however, which appears to be that the union violated its duty of fair representation, is not necessarily subject to the preemption doctrine, and thus may fall within the jurisdiction of this Court. See Vaca v. Sipes, 386 U.S. 171, 187

6

(1967) (holding that in some instances, it is appropriate for the Courts to "pass upon whether there has been a breach of the duty of fair representation").  Thus, this Court concludes that dismissal of this claim at this stage would be inappropriate.[3]


**C. Harassment, Discrimination, Retaliation, and Equal Pay Act Claims**

Mr. Shearin's remaining claims against Bergen and Solomon include discrimination, harassment, retaliation, and violations of the Equal Pay Act.  These claims, like the First Amendment Claims, part A. <u>supra</u>, fail to set forth with any degree of specificity the ways in which the Defendants harassed, discriminated or retaliated against Mr. Shearin.  Since Plaintiff's Complaint fails to set forth adequate facts that would entitle him to relief, these claims are dismissed with prejudice as to Bergen, and without prejudice as to Solomon.

---

[3]The Court learned at Oral Argument that Mr. Shearin filed a claim with the National Labor Relations Board in Feb 2005.  The NLRB dismissed his complaint in late March, 2005, and Mr. Shearin did not appeal his case to the Board's General Counsel.

The Court has granted Plaintiff 30 days in which to amend his Complaint against HPAE and has urged Mr. Shearin to seek out the assistance of Counsel.  HPAE has been notified that, in light of Mr. Shearin's failure to appeal his NLRB claim to the Board's General Counsel, a Motion for Summary Judgment is more appropriate than the present Motion to Dismiss.

### III. Conclusion

For the foregoing reasons, Defendant Bergen's Motion to Dismiss is **granted** and the Complaint against it shall be dismissed in its entirety and with prejudice; the Complaint against Defendant Solomon shall be dismissed in its entirety and without prejudice.

Defendant HPAE's Motion to Dismiss is **granted in part** and **denied in part**: those parts of the Complaint pertaining to First Amendment violations shall be dismissed with prejudice; HPAE's Motion to Dismiss that part of the Complaint pertaining to violation of the duty of representation, however, shall be denied.

An appropriate Order follows.


_____

                                  /s/ William G. Bassler
                                  WILLIAM G. BASSLER, U.S.S.D.J.

DATED:      February 23, 2006